UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

      Plaintiff,

-against-

JOHN TORTORA,

 a/k/a "Johnny T,"

      Defendant.

18-Cr-537 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant John Tortora has moved to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f). Because defendant's motion contains no new information that would have a material bearing on this Court's determination that there were no conditions of release that would reasonably assure Tortora's appearance and the safety of others and the community, the Court denies the motion.

## I. BACKGROUND

Tortora was arrested on August 2, 2018 and charged with participating in a racketeering conspiracy, murder in aid of a racketeering conspiracy, and murder for hire based on his alleged involvement in the unlawful activities of La Cosa Nostra and the 1997 murder of Richard Ortiz. [Doc. 2.] Following Tortora's presentment, arraignment, and a bail hearing on August 2, 2018, Magistrate Judge Gabriel W. Gorenstein ordered that Tortora be detained pending trial.

The government filed a Superseding Indictment on November 14, 2018, adding three additional counts: one count of destroying evidence, one count of falsifying records, and one count of obstruction of an official proceeding in relation to Tortora's alleged destruction of a surveillance video recording that the government had sought by subpoena. [Doc. 26.]

Tortora moved to be released on bail on February 12, 2019, proposing that he be released on a $5 million bond fully secured by real property owned by his friends and family, among other conditions. [Doc. 43.] After extensive oral argument on February 22, 2019, this Court held that no condition or combination of conditions would reasonably assure Tortora's appearance as required and the safety of others and the community. Bail hearing tr. [Doc. 49] at 64. The Court therefore ordered that Tortora be detained before

trial. The Court's decision was based on the obstruction charges, the serious nature of the murder and racketeering charges, and the government's proffers regarding the strength of its case.

Tortora now moves to reopen the detention hearing on the basis that "there exists new evidence that strongly militates in favor of Mr. Tortora's pretrial release." Def.'s Mot. for Bail at 1. Specifically, Tortora alleges that "[a]fter carefully reviewing the discovery produced by the Government since the initial detention proceedings, it is clear that the prosecution possesses no credible evidence to support the principal charges." *Id.* Tortora also avers that his investigatory efforts have yielded "powerful testimonial evidence from several fact-witnesses that gravely attenuate[s] the prosecution's specific representations to the Court." *Id.*

## II. LEGAL STANDARD

Defendant's application is governed by 18 U.S.C. § 3142(f), which provides that a detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." District courts within the Second Circuit have held that "[n]ew and material information for Section 3142(f)(2)(B) purposes consists of something other than defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Esposito*, 354 F. Supp. 3d 354, 361 (S.D.N.Y. 2019); *United States v. Rodriguez*, No. 15-mj-2956, 2015 WL 6503861, at *1 (S.D.N.Y. Oct. 26, 2015).

## III. ANALYSIS

The "new and material information" that Tortora presents in his motion boils down to his opinion that the government's case against him is not particularly strong. Because the "defendant's own evaluation of . . . the strength of the case against him" is not, on its own, proper grounds for reopening a bail hearing pursuant to 18 U.S.C. §3142(f), the Court denies Tortora's motion. *Esposito*, 354 F. Supp. 3d at 361.

First, Tortora informs the Court that he has identified various fact witnesses who, he believes, will testify that someone other than Tortora ordered the murder of Richard Ortiz. Tortora has the option of calling those witnesses to testify at trial to rebut the testimony of the government's witnesses, who, the government proffers, will testify that Tortora ordered Ortiz's murder. [*See* Doc. 45 at 4.] Specifically, the government has represented that "multiple cooperating witnesses will testify regarding how Tortora offered financial inducements for the murder of Ortiz [and] [t]heir testimonies will be

corroborated by other evidence, including the accounts of lay witnesses as well as phone records from October and November 1997." *Id.*

It will be up to the jury to weigh this conflicting evidence. However, the alleged new evidence does not have a material bearing on the Court's bail determination. *Cf. United States v. Jones*, 583 F. Supp. 2d 513 (S.D.N.Y. 2008) (holding that *documentary evidence* that undermined the sole cooperating witness's testimony—including a log of times and locations where the Metro-Card taken from defendant's alleged accomplice was used on the night of the charged crime—constituted sufficient new information affecting the weight of the government's evidence to justify reopening defendant's bail hearing).

Additionally, the theory that Tortora expects his new fact witnesses to support— namely, that someone else ordered the murder of Ortiz—is not new; rather, Tortora presented it to the Court at length in advance of the February 22, 2019 bail hearing. [*See* Doc. 43 at 2–3.] Because the information that Tortora sets forth in his motion is neither new nor material to the Court's bail determination, the Court will not reopen Tortora's detention hearing based on the anticipated testimony of these witnesses.

Second, Tortora suggests that the government has proffered insufficient and inaccurate information about the defendant's alleged conduct that gave rise to the obstruction of justice counts. Because arguments about the lack of evidence against the defendant do not provide a basis to reopen a detention hearing, the Court declines to grant the motion on these grounds. *Esposito*, 354 F. Supp. 3d at 361.

Third, Totora argues that "membership in [La Cosa Nostra] is not a dispositive basis for a defendant's detention" and the government therefore may not rely on its accusation that Tortora is a member of the Genovese crime family. Def.'s Mot. for Bail at 8. Again, this argument is irrelevant to the Court's considerations in deciding whether to reopen Tortora's bail hearing, as it is not "information . . . that was not known to [Tortora] at the time of the [previous] hearing." 18 U.S.C. § 3142(f).

Fourth, Tortora reiterates the various health problems from which he suffers. As illustrated by the discussion during the Court's previous bail hearing of defendant's medical problems and the care Tortora had been receiving while detained, none of this information is new to the Court. *See* Bail hearing tr. at 52–54. It therefore does not warrant reopening Tortora's detention hearing.

Finally, Tortora argues that a renewed evidentiary hearing is warranted "to ensure the reliability of the [government's] evidence." Def.'s Mot. for Bail at 11. As Tortora acknowledges, "the methods used to scrutinize government proffers for reliability must lie within the discretion of the presiding judicial officer, informed by an awareness of the risks involved." *United States v. LaFontaine*, 210 F.3d 125 (2d Cir. 2000). The Court sees

3

no reason at this point to question the reliability of the government's proffer as to the evidence that it anticipates presenting against Tortora at trial.

## IV. CONCLUSION

In sum, the reasons Tortora submits to support his application for a renewed bail hearing—whether taken separately or in combination—are insufficient to justify reopening the detention hearing. The information set forth in defendant's submission is neither new nor material to the Court's bail determination. Defendant's application to reopen his bail hearing is therefore denied.

Dated: New York, New York
August 1, 2019

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.