UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

    - v. -                           :     **PROTECTIVE ORDER**

JOHN TORTORA, JR.,               :     18 Cr. 537 (SHS)
   a/k/a "Johnny T,"
                                 :
        Defendant.
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, the United States of America seeks to provide certain discovery and disclosures in advance of a *Fatico* hearing in this case; and

        WHEREAS, some disclosure material that the Government seeks to provide includes material that (1) may affect the safety, privacy, and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals, and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case;

        WHEREAS, some of this disclosure material contains discussions of highly sensitive matters ("Sensitive Information");

        WHEREAS, the Government desires to protect the Sensitive Information contained in the materials it produces; and

        WHEREAS, the Government is willing, under the conditions set forth below, to produce such materials;

        IT IS HEREBY ORDERED that:

        1.    Materials to be produced by the Government and which contain Sensitive Information may be designated as "Confidential Material" by the Government and conspicuously

marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Confidential Material".

2. Confidential Material disclosed to the defendant or his counsel during the course of the proceedings in this action:

    a. Shall be used by the defendant and his counsel only for purposes of the defense of this action;

    b. Shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except under the supervision of the defendant's counsel; and shall not be provided in any form by the defendant or their counsel except as set forth in paragraph 2(c) below;

    c. May be provided by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

        i. associates, paralegals, investigators, secretaries, clerks and other support staff, and students working or performing services for the defendant's counsel (whether as full-time or part-time employees or independent contractors);

        ii. third-party experts, investigators, consultants or advisors (including their respective clerical and secretarial personnel and support staff) retained by the defendant's counsel in connection with this action;

        iii. third-party copy, technology, database hosting, and litigation support services (including their respective clerical and secretarial personnel and support staff) engaged by the defendant's counsel in connection with the preparation and/or trial of this case;

        iv. witnesses and prospective witnesses (and their respective

counsel) in connection with interviews, provided, however, that no Confidential Material (or copies thereof) shall be left with such actual or prospective witnesses (or their counsel) following the conclusion of any such interview;

    v.  such other persons as hereafter may be agreed to by the parties, in writing, or as may be authorized by the Court upon motion of one or more of the defendants; and

   d.  Shall be returned to the Government, shredded, deleted, erased or otherwise destroyed (together with any copies made thereof) following the final conclusion of the above-referenced case, except that defense counsel may retain such materials as may have been annexed to pleadings, motions, appeals, or other documents filed with the Court or the Court of Appeals in connection with this case.

  3.  The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they provide Confidential Material pursuant to paragraph 2(c). Before providing Confidential Material to Designated Persons pursuant to paragraph 2(c), any such Designated Person (and, in the event a Designated Person is not an individual, an authorized representative of such Designated Person) shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to defense counsel. The defendant's counsel will then provide such copy to the Court ex parte to be filed under seal. With regard to providing any Confidential Material to any Designated Person pursuant to paragraph 2(c) above, it shall be sufficient for defense counsel to obtain a single acknowledgement from such person (or, in the event the Designated Person is not an individual, an authorized representative of such Designated Person) and such defense counsel shall not be required to obtain additional and separate acknowledgements from such Designated Person's clerical and secretarial personnel or support

staff (each of whom shall nonetheless be bound by the provisions of this Order). Neither the defendant nor his counsel shall be required, absent further order of the Court, to disclose the identities of the Designated Persons to whom they have disclosed Confidential Material. No third-party shall be required, absent further order of this Court, to disclose its receipt of Confidential Materials in accordance with this Order.

4. The provisions of this Order shall not prohibit or be construed as preventing the disclosure by the defendants or his counsel of any Confidential Material: (a) during or in connection with any court proceeding before any Judge or Magistrate of this Court or the Court of Appeals in connection with this case including, but not limited to, at any conference or argument, or in connection with any application, motion, hearing, trial, sentencing proceeding, or appeal held in connection with the above-referenced action; or (b) to any Judge or Magistrate of this Court or the Court of Appeals for any other purpose in connection with the above-referenced action.

5. Any written disclosure of the Protected Material pursuant to the terms of Paragraph 4 shall be submitted in the first instance to the Government and to the Court under seal, to permit any necessary redactions before public filing. Nothing in this Paragraph shall be construed to limit the use of the Protected Material in questioning witnesses in any hearing or trial in this case.

6. If any dispute should arise between the parties as to whether any materials or other information is or has been properly designated as Confidential Material, any party may seek appropriate relief from the Court. Pending further Order of the Court, such materials shall continue to be considered and treated as Confidential Material subject to the provisions of this Order.

4

7. The provisions of this Order shall not be construed as preventing or limiting disclosure of any information that is in the public domain or information or material obtained by the defendant or his counsel from sources other than the Government.

Dated: November __, 2021

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: November 26, 2021
Christopher Clore
Justin V. Rodriguez
Assistant United States Attorneys


_____              Date: 11/26/2021
Barry Levin, Esq.
Richard Levitt, Esq.
Nicholas Kaizer, Es.
Counsel for defendant John Tortora


SO ORDERED:

Dated: New York, New York
       November 13, 2021

_____
THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK